**Renata Grabowski, Plaintiff-Appellee, v. John Grabowski, Defendant-Appellant.**

**Gen. No. 51,692.**

First District, Third Division.

April 25, 1968.

Chester A. Lizak, of Chicago, for appellant.

Raymond I. Suekoff, of Chicago (Stuart C. Katz, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff Renata Grabowski was granted a decree of divorce on February 18, 1964. By the terms of the decree, the defendant was ordered to convey his interest in the family residence to the plaintiff, thus terminating their joint tenancy and vesting sole ownership in the plaintiff. The decree went on to recite:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the question of permanent alimony be and is hereby reserved until further order of the Court."

On June 10, 1964, the court, acting on plaintiff's motion, ordered the defendant to pay permanent alimony of $20 per week. On June 9, 1966, defendant filed a petition alleging that the court was without jurisdiction to enter the alimony award and asking that the award be vacated and that alimony already paid pursuant to the order be refunded to the defendant. The petition was denied, attorney's fees of $50 were awarded to the plaintiff, and the defendant now appeals.

Defendant contends that the conveyance of the family residence to the plaintiff constituted a property settlement in lieu of alimony, notwithstanding the provisions of the decree. He further argues that when parties agree

to such a settlement in lieu of alimony, the trial court is thereafter deprived of jurisdiction to enter any post-decretal relief.

■ The Divorce Act provides that the court may enter any order for alimony and maintenance of the spouse and the care and support of children as may be reasonable and just; provided, however, that no such order subsequent to the divorce decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony, or where the court by its decree has denied alimony. Ill Rev Stats, c 40, § 19 (1967).

The divorce decree in the instant case specifically states that the question of alimony was reserved and that the court retained jurisdiction for that purpose.

■ Error is also charged with respect to the award of $50 as plaintiff's attorney's fees. The court did not abuse its discretion in that regard, and the order is affirmed.

Order affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.